IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| IVAN PAGOAGA-CASTRO, #2007147 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv320 |
| FNU PIERSON, FNU LOWRY, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Ivan Pagoaga-Castro, an inmate formerly confined at the Coffield Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights and seeking injunctive relief. The complaint was referred to the United States Magistrate Judge, the Honorable Judge John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 7, 2019, Judge Love issued a Report, (Dkt. #15), recommending that Plaintiff's complaint be dismissed as moot due to Plaintiff's transfer to a different prison unit. Specifically, Judge Love found that Plaintiff's request for injunctive relief—a request for a transfer to a different unit where he could receive specific medical care—was moot in light of Plaintiff's transfer from the Coffield Unit to the Estelle Unit. None of the named Defendants at the Coffield Unit could give Plaintiff what he seeks at the Estelle Unit. Plaintiff has filed timely objections to the Report, (Dkt. #18).

As an initial matter, objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. *See* Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the

1

court is not required). In other words, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Furthermore, frivolous, conclusory, or general objections need not be considered by the District Court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), *overruled on other grounds* by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Plaintiff's first five objections are not specific objections to the Report. Specifically, Plaintiff argues that (1) the intentional failure to provide service 'acknowledged' to be necessary is deliberate indifference; (2) the "lack of medical records is a point that should be taken into consideration"; (3) if medical treatment has been delayed for "non-medical" reasons, deliberate indifference is shown; (4) his allegations go "beyond simple mistake or negligence"; and (5) although "Plaintiff may have been provided with aspirin, this may not constitute adequate medical care." Judge Love's Report discussed Plaintiff's request to be moved to a medical unit and request that Defendants at the Coffield Unit provide him with back and ankle braces. Because these five objections are not specific to Judge Love's Report, they must be overruled.

However, Plaintiff's remaining objections directly respond to Judge Love's Report. He first asserts that simply because he is confined at the Estelle Unit, which is a medical unit, that does not "guarantee" that he will receive proper medical care. While Plaintiff is correct that there is no "guarantee," the fact remains that in this case, Plaintiff sued officials at the Coffield Unit— where he is no longer housed.

Next, Plaintiff states that "all the named defendants—located at the Coffield Unit—had the opportunity to afford Plaintiff his requested relief and did not." This statement expresses why Plaintiff's civil rights lawsuit against Defendants at the Coffield Unit is moot: The named

2

Defendants there cannot take action now with regard to his medical care because Plaintiff is not there. Medical officials located at the unit where he is housed now can provide care.

Plaintiff further insists that constant transfers to different prison units constitute a "delay in treatment for non-medical reasons." This objection is purely conclusory as well as speculative and must be overruled. *See R.A.M. Al-Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1992) (conclusory allegations are insufficient in a civil rights lawsuit).

Next, Plaintiff argues that his case is not moot because it is "capable of repetition evading review." He also maintains that "transfer may not moot your case if the department or officials whom you sued are also in charge of the new prison." Finally, Plaintiff argues that "courts have found that a state-wide policy that violated your constitutional rights in one facility may still violate your rights in the new facility."

However, there is no indication whatsoever that Plaintiff will be transferred back to the Coffield Unit. As Plaintiff states himself, transfer is "possible," but "not likely." *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). The Court further notes that the Defendants at the Coffield Unit do not have authority over the Estelle Unit or any other prison unit. Lastly, Plaintiff has not identified a "state-wide policy" of constitutional violations and his bare-bones assertion that there is such a policy is purely speculative. Plaintiff's objections must be overruled.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such *de novo* review, the Court has

Defendants there cannot take action now with regard to his medical care because Plaintiff is not there. Medical officials located at the unit where he is housed now can provide care.

Plaintiff further insists that constant transfers to different prison units constitute a "delay in treatment for non-medical reasons." This objection is purely conclusory as well as speculative and must be overruled. *See R.A.M. Al-Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1992) (conclusory allegations are insufficient in a civil rights lawsuit).

Next, Plaintiff argues that his case is not moot because it is "capable of repetition evading review." He also maintains that "transfer may not moot your case if the department or officials whom you sued are also in charge of the new prison." Finally, Plaintiff argues that "courts have found that a state-wide policy that violated your constitutional rights in one facility may still violate your rights in the new facility."

However, there is no indication whatsoever that Plaintiff will be transferred back to the Coffield Unit. As Plaintiff states himself, transfer is "possible," but "not likely." *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). The Court further notes that the Defendants at the Coffield Unit do not have authority over the Estelle Unit or any other prison unit. Lastly, Plaintiff has not identified a "state-wide policy" of constitutional violations and his bare-bones assertion that there is such a policy is purely speculative. Plaintiff's objections must be overruled.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such *de novo* review, the Court has

determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #18), are overruled and the Report of the Magistrate Judge, (Dkt. # 15), is **ADOPTE**D.  It is further

**ORDERED** that Plaintiff's civil rights complaint is **DISMISSED** as moot.  Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED  March 26, 2019.**

_____
Ron Clark, Senior District Judge